NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4501
_____

UNITED STATES OF AMERICA

v.

WILLIAM A. PHILLIPS,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Nos. 1-08-cr-00031-001 and 1-09-cr-00036-004)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2010

Before:  SCIRICA, RENDELL and FISHER, *Circuit Judges*.

(Filed: October 7, 2010)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

William A. Phillips pled guilty to child pornography offenses and now appeals his conviction and sentence. His counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm.[1]

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Phillips was charged with numerous child pornography-related offenses as well as several counts of inducing a minor to engage in sexually explicit conduct and crossing a state line to engage in a sexual act with a minor. In exchange for the government's dismissal of the majority of the offenses with which he was charged and its pledge to recommend a two-level sentence reduction for acceptance of responsibility, Phillips entered into a plea agreement in which he pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and one count of production of child pornography in violation of 18 U.S.C. § 2251(a). The District Court accepted the plea and sentenced Phillips to concurrent prison terms of 360 months for the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

production offense and 120 months for the possession offense as well as ten years of supervised release.

Through counsel, Phillips filed a timely notice of appeal of the District Court's judgment. Counsel now seeks to withdraw pursuant to *Anders*, asserting that there are no nonfrivolous issues for appeal. Phillips has filed a *pro se* brief in opposition to counsel's brief. The government has filed a brief supporting counsel's *Anders* motion.

## II.

In this Court, counsel may seek to withdraw representation under *Anders* if, after reviewing the district court's record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2008). Counsel "must satisfy the [C]ourt that he or she has thoroughly scoured the record in search of appealable issues and then explain why the issues are frivolous." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (internal quotation marks and citation omitted). Our "inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the . . . requirements [of 3d Cir. L.A.R. 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted). The second step of our inquiry, however, is "guided . . . by the *Anders* brief itself" if it "initially appears adequate on its face . . . ." *Id.* at 301 (quotation marks and citation omitted).

We have reviewed counsel's *Anders* brief and find it facially adequate. Counsel has identified three issues he claims are frivolous: whether the District Court had jurisdiction over this case, whether the District Court's plea colloquy violated the Federal Rules of Criminal Procedure, and whether the District Court used the correct version of the Federal Sentencing Guidelines Manual. Phillips' *pro se* brief focuses largely on this last issue but raises one additional issue: whether he received the effective assistance of counsel. We will focus on the issues counsel has submitted for our review as well as the additional issue Phillips has spotlighted.

The first issue counsel submits for our review is whether the District Court had jurisdiction over this case. Phillips was charged with several federal crimes. The District Court unquestionably had jurisdiction under 18 U.S.C. § 3231. *See*, *e.g.*, *United States v. Whited*, 311 F.3d 259, 263-64 (3d Cir. 2002) (district court had jurisdiction over federal offense). As a result, we agree with counsel that this issue would clearly be frivolous.

The second issue counsel has identified is the possible invalidity of the District Court's plea colloquy with Phillips. To be valid, a guilty plea must be knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). To ensure that a plea is knowing and voluntary, Federal Rule of Criminal Procedure 11 obligates a district court to question the defendant and to advise him of his rights and the consequences of a guilty plea. *See* Fed. R. Crim. P. 11; *see also United States v. Tidwell*, 521 F.3d 236, 251-52 (3d Cir. 2008). There is no doubt that Phillips' guilty plea was knowing and valid. The

4

District Court questioned him at length and explained how his sentence would be calculated. At the end of this extensive back-and-forth, the Court determined that Phillips was "competent and capable to enter a guilty plea," that he "fully underst[ood] the charges" against him, and that he was "pleading guilty voluntarily with the knowledge" of the potential penalties. (Supp. App. 22.) Because the District Court more than adequately conformed to Rule 11's dictates, *see United States v. Lessner*, 498 F.3d 185, 192-96 (3d Cir. 2007); *cf. United States v. Schweitzer*, 454 F.3d 197, 202-03 & n.4 (3d Cir. 2006), there is no basis for concluding that the way it conducted the plea colloquy raises a nonfrivolous issue for appeal.

The third issue counsel has identified (as has Phillips) is whether the District Court correctly used the 2008 edition of the Guidelines Manual for sentencing purposes.[2]

---

[2] Counsel does not allege that the District Court's sentence itself is unreasonable. In his *pro se* brief Phillips suggests, without explicitly saying as much, that the District Court gave improper consideration to the 18 U.S.C. §3553(a) factors. Despite that suggestion, we do not believe that counsel's failure to argue that any challenge to the reasonableness of Phillips' sentence necessarily renders his *Anders* brief deficient. *Cf. Coleman*, 575 F.3d at 319 ("Certainly not every *Anders* brief need include a challenge to the reasonableness of the sentence, especially when the pro se appellant does not raise the issue . . . ."). Even if that omission were serious enough to raise doubts about the adequacy of counsel's brief, we would nevertheless grant counsel's motion to withdraw and affirm the District Court's judgment, as any challenge to Phillips' sentence would be frivolous. *See*, *e.g.*, *id.* at 321 (concluding that the defendant's appeal was "patently frivolous" even though counsel's *Anders* brief was deficient). District courts in this circuit must follow the three-step sentencing procedures outlined, for example, in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and "must apply the § 3553(a) factors reasonably to the circumstances of the case," *Lessner*, 498 F.3d at 204 (citation omitted). A review of the record here leaves no room for doubt that the District Court observed these procedures and selected a sentence that "falls within the broad range of possible

Phillips makes two arguments. First, Phillips objected before the sentencing hearing, arguing (as he still does on appeal) that the Court should have used the 2002 edition because he stipulated in his plea agreement to the commission of relevant conduct that was alleged in the superseding indictment but to which he did not actually plead guilty.[3] He points to the conduct alleged in Count Twelve, which occurred between April 1, 2000 and April 30, 2003, and maintains that the 2002 Manual (which was in effect on April 30, 2003) should have been used. Phillips' second argument is based on *United States v. Bertoli*, 40 F.3d 1384, 1403 (3d Cir. 1994), where this Court reiterated the rule that where use of the Guidelines Manual in effect at the time of sentencing "results in harsher penalties, . . . courts must apply the earlier version" of the Manual to avoid ex post facto problems. *See also* U.S.S.G. § 1B1.11(b)(1). Phillips claims that while the upper end of the 2008 Manual's Guidelines range for the offenses to which he pled guilty is life in prison, the upper end of the range under the 2002 Manual was only a term of months, thus giving rise to what he characterizes as an ex post facto violation. Both of Phillips' arguments are fatally flawed.

---

sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

[3] U.S.S.G. § 1B1.2(c) provides, for purposes of calculating a defendant's Guidelines range, that "[a] plea agreement . . . containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)."

A district court ordinarily must use the Guidelines Manual "in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). The default rule gives way if use of the current Manual would give rise to ex post facto violations. *Wise*, 515 F.3d at 220. In such a case, the court must use the Manual "in effect on the date that *the offense of conviction* was committed." U.S.S.G. § 1B1.11(b)(1) (emphasis added). The Guidelines' application notes explain that the phrase "the date that the offense of conviction was committed" refers to "the last date of the offense of conviction." *Id.* § 1B1.11 App. Note 2.

Both of Phillips' arguments are easily dismissed. First, the District Court did not commit error because Count Twelve of the superceding indictment was not an "offense of conviction." Phillips argues that the 2002 Manual is controlling because the conduct at issue in Count Twelve occurred when the 2002 Manual was in effect. But Phillips was never convicted of Count Twelve. Thus, Count Twelve is not an "offense of conviction" under U.S.S.G. § 1B1.11(b)(1) and does not control which Manual should apply. Furthermore, even if Count Twelve was an "offense of conviction," the sentence entered by the District Court would not result in an ex post facto violation. As noted by the District Court, Phillips was subject to a sentence from 292 months to 365 months under the 2002 Manual. The District Court sentenced Phillips to 360 months, well within the 2002 Manual guidelines. Hence, application of the 2008 Manual did not result in a harsher penalty.

Second, there is no ex post facto violation in the District Court's decision not to use the 2003 Manual. The conduct at issue in Count Sixteen of the superceding indictment, for which Phillips entered a guilty plea, occurred between November 1, 2003 and September 13, 2004. On the last date of this offense, the 2003 Manual was in effect. However, a sentence of "life" is the upper range in both the 2003 and 2008 Manuals. Phillips' sentence of 360 months, therefore, was well within the 2003 Manual guidelines. There is no ex post facto violation because the 2008 Manual did not impose a harsher penalty. We conclude that there is no basis for finding that the District Court's use of the 2008 Guidelines raises a nonfrivolous issue for appeal.

Finally, in his *pro se* brief, Phillips claims that his counsel was ineffective because his counsel: neglected to tell him that the government had offered a plea agreement that would have ensured that he would receive at most a twenty-year sentence; did not sufficiently highlight Phillips' medical and psychological disabilities to the District Court; had little contact with Phillips; and was unable to adequately represent Phillips during the plea colloquy because of counsel's feelings about his own children. But "[t]his Court generally does not review Sixth Amendment ineffective assistance of counsel claims on direct appeal." *United States v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007) (citing *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004)). We depart from that practice "[w]here the record is sufficient to allow determination of ineffective assistance of counsel[.]" *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). The record in

this case is not developed enough for us to make a determination as to Phillips' ineffective assistance claim. *See*, *e.g.*, *Olfano*, 503 F.3d at 246; *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004). Accordingly, we must decline to reach the issue at this juncture.[4] *See United States v. Tobin*, 155 F.3d 636, 643 (3d Cir. 1998).

## III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.

---

[4] Of course, this disposition does not preclude Phillips from pursuing his ineffective assistance claim in a collateral proceeding. Indeed, the appellate waiver in Phillips' plea agreement expressly exempts ineffective assistance claims.